Wyly, J.
The plaintiffs sued the defendants, a firm, which they allege is domiciled in the parish of Rapides, for $4771 78 for advances and supplies furnished defendants’ plantation, and they sequestered ten hogsheads of sugar and sixty-nine barrels of molasses, raised on said plantation, upon which they claim the furnisher of supplies’ lien. Behan et al. and Gantt intervened, asserting a preference to said produce.
The court dismissed the suit exproprio motu for want of jurisdiction, it appearing from the allegations of plaintiffs that the domicile of defendants’ firm was not in the parish of Orleans.
From this judgment plaintiffs appealed. There is no error in the judgment.
Under article 162 C. P. one must be sued before the judge having jurisdiction of the place of his domicile, except in the cases expressly provided in the Code of Practice. The case of a factor having a lien for his advances on a crop is not embraced in the excepted cases. A court without jurisdiction to try the principal demand can not try an issue accessory thereto. A privilege springs from the nature of the debt. A court that can not determine whether or not a debt exists, for want of jurisdiction, can not decide that there is a privilege, because the latter can not exist without the former.
A sequestration is merely a conservatory order. A court without jurisdiction of the case can render no order whatever binding on the partiés. And consent can not give jurisdiction.
The case of Rochereau & Co. agents, v. Marcel Guidry, 24 An. 309, is directly in point and controls this case. There are other decisions of this court to the same effect.
Judgment affirmed.
Rehearing refused.
Mr. Justice Morgan took no part in this decision.